UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE STOKES, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:15-cv-00734-LSC-JHE |
| WARDEN CARTER DAVENPORT and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Timothy Wayne Stokes, being a person in custody under a judgment of a court of Alabama, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for preliminary review. Upon consideration, the court finds the petition is due to be dismissed because it is successive.

**I. Procedural History**

On March 28, 2008, Stokes plead guilty to first-degree sexual abuse and three counts of first-degree sodomy in the Circuit Court of Jefferson County, Alabama. (Doc. 8-2 at 1). He was sentenced to life imprisonment in all four cases with the sentences to run concurrently. (*Id.*). Stokes did not appeal his convictions or sentences.

**A. Rule 32 Post-Conviction Proceedings**

On April 24, 2009, Stokes filed a petition for post-conviction relief pursuant to Rule 32 in the Circuit Court of Jefferson County. (Doc. 8-2). He asserted the following claims: (1) his plea was unlawfully induced or not made voluntarily; (2) he was denied effective assistance of

counsel (3) newly discovered material facts exist that require relief; and (4) his failure to appeal within the prescribed time was not his fault. (*Id.*). On June 10, 2009, the trial court denied Stokes' petition. (*Id.* at 1-2). Stokes did not appeal. Nearly three years later, Stokes filed a second Rule 32 petition with the same allegations as the first. This petition was also denied and he did not appeal. (*Id.*).

On October 17, 2013, Stokes filed a motion to withdraw his guilty plea. (*Id.*). The motion was denied, and when Stokes attempted to appeal, the Alabama Court of Criminal Appeals dismissed the matter as an appeal from a non-appealable order. (*Id.*).

### B. Prior §2254 Action

On or about February 14, 2014, Stokes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in this court challenging his convictions and resulting life sentence. *Stokes v. Jones*, No. 2:14-cv-00270-VEH-JHE. He raised the following claims: (1) ineffective assistance of counsel; (2) falsely-reported incident; (3) criminal coercion; and (4) lack of due process of law, based on the evidence. (Doc. 8-2). After the State filed an answer, the undersigned determined that Stokes' claims were time-barred and procedurally barred because Stokes did not exhaust his state court remedies, and recommended the petition be dismissed with prejudice. (*Id.*). The district court dismissed Stokes' petition and declined to enter a certificate of appealability. (Doc. 8-4).

### C. Current Petition

Stokes filed the present habeas petition on March 29, 2015, in the Middle District of Alabama, (doc. 1-1), and the matter was transferred to this court on April 29, 2015, (doc. 1). Stokes raises four grounds for relief: (1) false charges; (2) illegal indictment because he was

indicted on false charges; (3) ineffective assistance of counsel because he involuntarily pleaded guilty; and (4) erroneous guilty plea because of his mental incompetence. (Doc. 1-1 at 6-11). Stokes further claims "actual innocence" in an attempt to excuse the time bar. (*Id.* at 14-15; *see also* doc. 3). In response to the court's order to show cause, Respondents filed an answer in which they assert, *inter alia*, the petition is due to be dismissed because it is barred by the statute of limitations. (Doc. 8). The parties were advised Respondents' answers would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. (Doc. 9). Stokes has not filed a traverse.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision establishes a statutory pre-condition to filing a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit **before** it is filed in the district court.[1] The purpose of the statute prevents the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless it has been authorized by the appropriate court of appeals.

---

[1] For a second petition to be considered successive, the first petition must have been denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). A denial of a § 2254 petition as untimely is considered to be with prejudice. *Jordan v. Sec'y, Dep't. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007).

The new restrictions on successive petitions apply to a successive habeas petition even if the first petition was denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

Stokes has not obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive petition in this court. Thus, the petition is due to be dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the petition. If the petitioner obtains the required order allowing him to file a successive petition in this court, he may re-file his petition in this court.[2]

### III. Recommendation

Based on the foregoing, the magistrate judge **RECOMMENDS** the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** to allow Petitioner an opportunity to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition in this Court.

### IV. Notice of Right to Object

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure

---

[2] Petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA.

to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the petition which the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

DONE this 1st day of May, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE